HECTOR ROMAN-MONTAÑEZ,

    **Plaintiff**,

        **v.**

OLGA TORRES-MENDEZ, *et al.*,

    **Defendants.**

**Civil No.** 17-1488 (FAB)

## OPINION AND ORDER

BESOSA, District Judge.

    Before the Court is defendant Olga Torres-Méndez ("Torres")'s motion to dismiss pursuant to Federal Rule of Civil of Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 19.) For the reasons set forth below, the Court **GRANTS** the motion to dismiss.

**I.    Background**

    Plaintiff Hector Roman-Montañez ("Roman") is an inmate at the Puerto Rico Department of Corrections and Rehabilitation Maximum Security Institution, or Institución Máxima Seguridad, in Ponce, Puerto Rico. (Docket No. 3.) Roman commenced this action *pro se* pursuant 42 U.S.C. section 1983 ("section 1983"). Id. According to Roman, he suffers from lower back pain due to herniated discs. Id. at p. 3. Torres, Roman's treating physician, "has been with this case since day one and has given [Torres] therapy and also different medications with no good results." Id. Subsequently,

Torres prescribed Roman an eight-day supply of Gabapentin, also referred to as Neurontin.  Id.  The Gabapentin relieved Roman's back pain.  Id.  Roman alleges that in the following three months, Torres refused to prescribe Gabapentin, "making it very hard for [Torres] to deal with the pain."  Id.  Furthermore, Torres denied Roman's request to prescribe Gabapentin on a permanent basis.  Id.

Roman completed a section 1983 complaint form on February 27, 2017, naming Torres and the Correctional Health Services Corporation as defendants.  Roman requests that this Court order Torres to prescribe Gabapentin "every day until the pain decreases."  Id. at p. 2.  Additionally, Roman seeks $200,000 in damages for pain and suffering.  Id.

The Court granted the Correctional Health Services Corporation's motion to dismiss.  (Docket Nos. 13 & 21.) Accordingly, the only claim remaining before the Court is the section 1983 cause of action against Torres.  Torres has moved for dismissal, arguing that the Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted.[1]  (Docket No. 19.)  The Court grants Torres's motion to dismiss on this second basis.

---

[1] Jurisdiction exists in this case pursuant to 28 U.S.C. § 1331 because Roman seeks relief pursuant to 42 U.S.C. § 1983, a federal statute.

## II.  Rule 12(b)(6) Motion to Dismiss Standard

Pursuant to Rule 12(b)(6), defendants may move to dismiss an action for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level." Id. at 555.  In doing so, the Court is "obligated to view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011).  A complaint that adequately states a claim may still proceed even if "recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 13 (internal quotation marks and citations omitted).  Because Roman is proceeding pro se, the complaint is entitled to a liberal construction.  Linares-Rosado v. Torres-Medina, Case No. 11-1659, 2012 U.S. Dist. LEXIS 152226 *5 (D.P.R. Oct. 22, 2012) (Fuste, J.).

## III. Discussion

Section 1983 is a federal statue by which the deprivation of constitutional rights may be redressed.  42 U.S.C. § 1983.  In pertinent part, this statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. To prevail on a section 1983 claim, plaintiffs must factually support a determination (i) that the conduct complained of has been committed under color of state law, and (ii) that the alleged conduct deprived an individual's rights, privileges or immunities as secured by the Constitution or laws of the United States.[2] Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996 (1st Cir. 1992) (citations omitted); Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled on other grounds); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989).

### A.    Eighth Amendment

The Eighth Amendment will govern whether Roman sufficiently pled a cause of action pursuant to Federal Rule of Civil Procedure 8. While section 1983 does not create substantive rights, it serves as a venue for vindication of federal rights conferred elsewhere. Roman invokes section 1983 without

---

[2] The parties do not dispute that the medical care provided by Torres to Roman constitutes state action. The Court's disposition of the motion to dismiss rests solely on Roman's failure to state a claim pursuant to the Eighth Amendment.

specifying the underlying federal right that Torres allegedly violated. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The prohibition against cruel and unusual punishments serves as the constitutional basis for section 1983 challenges concerning prison conditions.[3] Leavitt v. Corr. Med. Servs. 645 F.3d 484, 496 (1st Cir. 2011).

The Eighth Amendment bars "unnecessary and wanton infliction of pain," which is "repugnant to the conscience of mankind." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Suffering that serves no legitimate penological purpose is a form of punishment proscribed by the Eighth Amendment. Estelle, 429 U.S. at 103. Not every infliction of pain or discomfort, however, falls within the scope of the Eighth Amendment. Kosilek v. Spencer, 774 F. 3d 63, 81 (1st Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Prison officials violate the

---

[3] The Eighth Amendment is applicable to states pursuant to the Due Process Clause of the Fourteenth Amendment. Giroux v. Somerset Cnty., 178 F.3d 28, 34 (1st Cir. 1999) (citing Robinson v. California, 370 U.S. 660 (1962)). The Commonwealth of Puerto Rico is also subject to the Eighth Amendment. Santana v. Collazo, 714 F.2d 1172, 1175 n.1 (1st Cir. 1983); Feliciano v. Gonzalez, 13 F. Supp. 2d 151, 204 (D.P.R. 1998) (Perez-Gimenez, J.) ("The prohibition of cruel and unusual punishment contained in the Eighth Amendment to the Constitution of the United States has been made applicable to the Commonwealth of Puerto Rico either through incorporation into the Due Process Clause of the Fourteenth Amendment or as a result of the long history of its application in our district.").

Eighth Amendment only when there has been an "objective, serious deprivation" resulting from "deliberate indifference to the health and safety of an inmate." Velazquez-Martinez v. Colon, 961 F. Supp. 365 (D.P.R. 1997) (Fuste, J.) (citing Farmer, 511 U.S. at 837-88).

## B. Plaintiffs Must Fulfill Subjective and Objective Elements to Prevail on an Eighth Amendment Claim

Plaintiffs asserting an Eighth Amendment claim for deficient medical care must fulfill an objective and subjective prong. Perry v. Roy, 782 F.3d 73, 78 (1st Cir. 2014) (citation omitted). To satisfy the objective prong, prisoners must demonstrate a "serious medical need." Mahan v. Plymouth Cnty. House of Crrs., 64 F.3d 14, 18 (1st Cir. 1995). A serious medical need is one that "has been diagnosed by a physician as mandating treatment, or [. . .] is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id.

The subjective prong requires proof that the mistreatment involves "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 161-62 (1st Cir. 2006) (quoting Estelle, 492 U.S. at 105-06). The deliberate indifference standard is satisfied when prison officials "acted or failed to act despite [their] knowledge of a substantial risk of

serious harm." Farmer, 511 U.S. at 842. The court in Farmer explained that deliberate indifference falls "somewhere between the poles of negligence at one end and purpose or knowledge on the other." Id. (internal citations omitted). See Daniels v. Williams, 474 U.S. 327, 332 (1986) (negligent conduct does not constitute a Fourteenth Amendment deprivation). The "inadvertent failure to provide adequate medical care" cannot sustain an Eighth Amendment claim because it "it cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" Estelle, 429 U.S. at 105-06.

The First Circuit Court of Appeals has held that allegations merely reflecting a "disagreement on the appropriate course of treatment[,]" "[s]uch a[s] [a] dispute with an exercise of professional judgment may present a colorable claim for negligence, but falls short of alleges a constitutional violation." Ferranti v. Moran, 618 F.2d 888, 891 (1st Cir. 1980) (delay in providing inmate with orthopedic footwear fell short of establishing an Eighth Amendment claim). The Court concludes Roman has failed to satisfy the subjective prong because Torres's treatment of Roman does not evince a deliberate indifference to his health. Accordingly, the Court need not address the objective prong.

**C.   The Allegations Set Forth in the Complaint Fail to Demonstrate a Deliberate Indifference to a Serious Medical Need**

Accepting all allegations in the complaint as true and in the light most favorable to Roman, the Court cannot conclude that a doctor's refusal to prescribe an inmate his preferred medication implicates the Eighth Amendment.   By Roman's own admission, Torres treated Roman "since day one." (Docket No. 3 at p. 3.)   The medical treatment provided by Torres for Roman's herniated discs consisted of therapy and the administration of "different medications." Id.   Indeed, Roman has received treatment for his condition.

Courts "have consistently refused to create constitutional claims out of disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment." Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993) (holding that prisoner failed to establish deliberate indifference to his medical needs where doctor denied physical therapy).   At most, Roman's allegations suggest a potential medical malpractice claim, which falls far short of an Eighth Amendment violation.   Id.   See Estelle, 429 U.S. at 1060 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner").

Ultimately, Roman challenges Torres's denial of a specific medication, not that Torres refused to treat him, or that Torres neglected to provide Roman with any pain relief whatsoever. Contra Abernathy v. Dewey, Case No. 15-10431, 2017 U.S. Dist. LEXIS 161605 *1 (D. Mass. Sept. 28, 2017) (finding that prison officials who ignored thirty sick-call slips and refused to treat inmate exhibited a deliberate indifference to inmate's serious medical need). No allegations suggest that Torres failed to diagnose Roman, or that the treatment Roman received was so substandard as to shock the conscience. See Ruiz v. Rullan, 485 F.3d 150, 156 (1st Cir. 2007) (Deliberate indifference "may be shown by the denial of needed care as punishment and by decisions about medical care made recklessly with 'actual knowledge of impending harm, easily preventable'"). Roman is not entitled to select the particular pain medication of his choosing. See Kosilek, 774 F.3d at 82 (noting that The Eighth Amendment "does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing").

The extent of Torres's medical treatment, including therapy and access to several medications, negates a finding of deliberate indifference to Roman's medical needs. Without more, neither the Court nor a jury may second guess or undermine Torres's professional judgment in withholding a prescription for

Gabapentin.  See Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1981) ("where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law").  Roman's determination that the care provided by Torres rendered "no good results" shows a mere disagreement concerning the course of treatment.  Courts do not dictate prescriptions to medical professionals, and have held that the refusal to provide pain medication on demand is insufficient to support an Eighth Amendment cause of action.  See e.g., Zigg v. Groblewski, Case No. 15-10771, 2017 U.S. Dist. LEXIS 161609 *15 (D. Mass. Sept. 29, 2017) (Doctor's "decision to delay prescribing a drug with an increased risk of infection for a short period of time [. . .] to determine whether a less-drastic remedy would suffice cannot reasonably interpreted as evincing a 'deliberate intent to harm'" an inmate); Murphy v. Magnusson, Case No. 98-439, 1999 U.S. Dist. LEXIS 12598 *14-15 (D. Me. July 27, 1999) (Holding that refusal to provide prisoner with pain medication, extra mattresses, and a new pair of

shoes "even if proven, would not rise to the level of deliberate indifference").[4]  Accordingly, the compliant must be dismissed.

## IV.  Conclusion

For the reasons expressed above, the Court **GRANTS** Torres's motion to dismiss pursuant to Rule 12(b)(6).  (Docket No. 19.) Consequently, the complaint is dismissed **with prejudice**.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 16, 2018.

                                   s/ Francisco A. Besosa
                                   FRANCISCO A. BESOSA
                                   UNITED STATES DISTRICT JUDGE

---

[4] See also, Pavia v. Blanchette, Case No. 13-252, 2015 U.S. LEXIS 131457 *7 (D.R.I. Sept. 29, 2015) ("Mr. Pavia simply has not established that the allegedly insufficient pain medication was more than a disagreement with the course of treatment his doctors chose"); Osahenrumwen Ojo v. Hillsborough County Dep't. of Corr., Case No. 11-210, 2011 U.S. Dist. LEXIS 151022 *16 (D.N.H. Dec. 21, 2011) (granting motion to dismiss because "there is nothing in the complaint to suggest that the failure to give [the prisoner] two doses of ibuprofen evidenced any intention to inflict pain upon [the prisoner]"); Niemic v. UMass Corr. Health, 89 F. Supp. 3d 193, 204 (D. Mass. 2015) (dismissing section 1983 claims because "although Dr. Hameed did not always prescribe Niemic's preferred medication, Dr. Hammed consistently provided him with pain medication"); Menser v. Wexford Health, Case No. 13-532, 2015 U.S. Dist. LEXIS 35216 *9 (S.D. Miss. Mar. 19, 2015) ("Menser's disagreement with the type of pain medication he was initially prescribed does not constitute deliberate indifference under Section 1983").